FILED
SUPERIOR COURT
OF GUAM

2021 FEB -3 PM 2: 21

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **RUDY RIVERA CAPISTRANO,** | **Domestic Case No. DM0199-14** |
| Plaintiff, | |
| v. | **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SPOUSAL SUPPORT** |
| **LEONOR ARELA CAPISTRANO,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 23, 2020 for hearing on Plaintiff Rudy Rivera Capistrano's ("Plaintiff's") Motion to Modify Spousal Support ("Motion"). Attorney Nicole G. Cruz represents Plaintiff, and Attorney Daniel S. Somerfleck represents Leonor Arela Capistrano ("Defendant"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Plaintiff's Motion.

### BACKGROUND

Plaintiff and Defendant were married for approximately five years. Motion at 2. There were no children in the marriage. Id. at 2. On June 22, 2016, the Court issued its Final Decree of Divorce and ordered Plaintiff to provide Defendant with *permanent* spousal support in the amount of $600.00 per month. Id. at 2.

In November 2019, the Court denied Plaintiff's first request to terminate spousal support. Id. at 2. On September 14, 2020, Plaintiff filed this Motion once again requesting a modification of spousal support. Id. at 1.

Plaintiff argues that the financial impact of the COVID-19 pandemic has left him incapable of paying the spousal support. Id. at 3. Plaintiff used to work at United Airlines ("United") as a Manager for Technical Operations where he took home a net income of $5,000/month. Court Recording (12/23/2020 at 10:11:30); Motion at 2. However, Plaintiff's income has suffered greatly this past year following pay cuts and employment terminations implemented by United. In April 2020, Plaintiff incurred a 20% reduction in pay to support United's employment directive amid the pandemic. Court Recording (12/23/2020 at 10:15:05). In July 2020, Plaintiff was informed he'd be let go at the end of September due to company-wide layoffs. Court Recording (12/23/2020 at 10:18:40). However, Plaintiff's last day at work was on August 15, 2020, as he voluntarily opted for an earlier separation date due to health concerns over the pandemic. Court Recording (12/23/2020 at 10:20:20). In return for Plaintiff's early separation, United agreed to pay him 25% of his salary up until the end of November 2020. Court Recording (12/23/2020 at 10:22:10). Plaintiff has not received a paycheck since November 30, 2020 Court Recording (12/23/2020 at 10:23:00). In fact, Plaintiff currently isn't receiving funds from any source. Court Recording (12/23/2020 at 10:28:40).

Defendant argues that she has not received any spousal support since August 2020, months before the November 30, 2020 date when Plaintiff stopped receiving paychecks. Court Recording (12/23/2020 at 10:27:50). As such, Defendant argues Plaintiff should be held in contempt of court for failing to pay spousal support as ordered.

The Court held a hearing on December 23, 2020. After hearing the arguments of the parties, the Court took the matter under advisement.

<u>**DISCUSSION**</u>

Courts may, in their discretion, vary, alter, or revoke an order for permanent spousal support as they may deem necessary. 19 G.C.A. §8402. Factors determining modification for child support include "the extent to which the **earning capacity** of each party is sufficient to maintain the standard of living established during the marriage," the "**ability of the supporting party** to pay spousal support, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living," the "**duration of the marriage**," the "**age and health of**

the parties," and "any other factors the court determines are just and equitable." Cal. Fam. Code § 4320. See also *Gray v. Gray*, 103 So.3d 962, 966 (Fla. Dist. Ct. App. 2012) ("Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as established during the parties' marriage; in determining whether to award permanent periodic alimony, the trial court is to weigh the parties' respective needs and ability to make alimony payments.").

In this case, substantial circumstances have risen since the trial court's post-divorce order in June 2016, and its ruling in November 2019. Plaintiff is has been without income since December 1, 2020 and his income prior to that was reduced by 20% in April 2020 and by 75% in August 2020. These circumstances represent substantial changes that warrant modification of the spousal support. As such, Defendant's spousal support obligations will temporarily be suspended for the next six (6) months. The Court will then hold a Status Hearing six months from now and will continue the spousal support suspension if Defendant is still without employment.

However, Defendant is still liable for the spousal support he failed to pay between August 2020 through the end of November when his income stream stopped. Defendant still had funds coming in through the end of November, and it was improper for him not to pay the ordered spousal support during that period.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion. Plaintiff's spousal support obligations will temporarily be suspended for the next six (6) months. The Court will then hold a Status Hearing, and if Defendant is still without employment the Court will continue the suspension. However, Defendant must pay Plaintiff all outstanding spousal support still owed through November 30, 2020. The next Status Hearing is scheduled for Monday, August 2, 2021, at 10:00am.

**IT IS SO ORDERED** this February 3, 2021.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

Arnold

Somerfleck

Date:_____ Time: 2/3/21

_____
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Plaintiff's Motion to Modify Spousal Support
DM0199-14, *Capistrano v. Capistrano*